No. 77,238

STATE OF KANSAS, *Appellant*, v. GARY D. BEERBOWER, *Appellee*.

(936 P.2d 248)

Opinion filed April 18, 1997.

*Cline I. Boone*, assistant county attorney, argued the cause, and *John L. Swarts, III*, county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellant.

*Charles Gentry*, of Short, Gentry & Bishop, P.A., of Fort Scott, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is an appeal by the State, pursuant to K.S.A. 22-3602(b)(1), from the dismissal on double jeopardy grounds of charges of driving under the influence and while suspended against Gary D. Beerbower. The dismissed charges had been refiled after an earlier case was dismissed by the court at trial when the State's primary witness did not appear.

*Factual background*

In December 1995, a complaint was filed against Beerbower for DUI and driving while suspended. The case was set for trial in February 1996, but continued until March 25, 1996, when the record shows the following colloquy occurred:

"THE COURT: Beerbower, 95CR170. Do you wish an opening statement?

"SWARTS [county attorney]: No, Judge. I just need to check to see if my officers are in the courtroom.

"THE COURT: Do you wish an opening statement?

"GENTRY [defense counsel]: No, Judge.

"THE COURT: All right. Call your first witness then.

"SWARTS: It will be Officer Shaaban. S-h-a-a-b-a-n. Last time when we were here, Judge, Mr. Shaaban was told the case would have a new date. County Attorney's Office neglected to tell him it was today's date. Can we continue it? It was continued to the last week of March, and I didn't give him a date, so he's not out there. So I would ask for a few minutes because one of the officers is here.

"THE COURT: Well, call your second officer then.

"SWARTS: Well, hate to start and then find out the other goes to Tennessee or something.

"THE COURT: Well, Counsel, I'm ready to proceed. I'll take a short recess while you call your first officer in and somebody in your office call[s] to see if this officer [is] coming.

"SWARTS: He's being called right now.

"THE COURT: What's the second officer's name?

"SWARTS: James Dean.

"THE COURT: Okay. All right. Why don't you call Officer Dean, then we'll proceed with that testimony.

"SWARTS: Well—

"THE COURT: Why don't you get Officer Dean and we'll start with that.

"SWARTS: I'd ask for a continuance, Your Honor. Officer Dean is here but Officer Shaaban is in Iowa.

"THE COURT: Okay. Counsel, I can't grant you a continuance.

"SWARTS: All right, Judge.
"THE COURT: I'm going to dismiss the case.
"SWARTS: Yes, sir.
"GENTRY: Thank you, Your Honor.
"THE COURT: All right."

The next day, Beerbower moved for a judgment of acquittal. This motion does not appear to have been ruled upon. A month later, the State filed a new complaint alleging the same counts that were previously charged. Beerbower moved to dismiss on grounds of double jeopardy.

The issue was briefed by both parties, with Beerbower claiming: "Another of the State's witnesses was present and available, but was not called. The Court inquired as to whether there was anything else which the State wished to present, and the State replied in the negative." Beerbower also asserted the prior dismissal should be characterized as a judgment of acquittal because the State presented no evidence when called upon to do so.

The trial court dismissed the second case and, citing K.S.A. 21-3108(1)(c), ruled:

"It is clear that the case was in that posture when the prosecution's witness did not arrive, the defendant objected to a continuance, the state could not offer any good reason as to why the witness failed to appear and the court dismissed the action. In this instance there is no doubt that the defendant was placed in jeopardy and to force him to trial a second time would not only violate the Kansas Statutes but also the double jeopardy clause of the United States Constitution."

The court did not classify the prior dismissal as a judgment of acquittal, as requested by Beerbower, and did not rely upon K.S.A. 21-3108(1)(a).

A transcript of the dismissal of the first case was not available to the court at the time of its decision in the second case, which was based upon the court's and the parties' recollection of the prior proceedings.

The State's appeal is claimed to be "[f]rom an order dismissing a complaint," as allowed by K.S.A. 22-3602(b)(1). The State argues that Beerbower was never placed in jeopardy, as defined in K.S.A. 21-3108(1)(c), because the court had not begun to hear evidence.

Beerbower asserts that jeopardy attached when the State failed to present its case when called upon to do so and that he did not consent to the dismissal. Beerbower further contends that the K.S.A. 21-3108(1)(a) prohibition on a second prosecution does not require the defendant to have been placed in jeopardy and that the first case was concluded after a finding that the evidence was insufficient to warrant a conviction, effectively barring a second prosecution.

*Standard of review*

Although the trial court in this case appears to have based its decision on an inexact recollection of the previous proceedings, the facts shown by the transcript before us are uncontroverted. When facts are uncontroverted, a trial court decision that double jeopardy applies is subject to de novo review on appeal. *State v. Harlin,* 260 Kan. 881, 883, 925 P.2d 1149 (1996).

*Arguments and authorities*

In announcing its decision, the trial court ruled the second prosecution was barred under K.S.A. 21-3108(1)(c), but it also declared that allowing the second prosecution to continue would violate the Double Jeopardy Clause of the United States Constitution. Regarding this constitutional protection, we noted in *State v. Freeman,* 236 Kan. 274, 280-81, 689 P.2d 885 (1984):

"The double jeopardy clause of the Constitution of the United States protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977). The language of section 10 of the Bill of Rights of the Constitution of Kansas is very similar to the language contained in the Fifth Amendment of the Constitution of the United States. Both provide in effect that no person shall be twice placed in jeopardy for the same offense. The language of the Fifth Amendment guarantees no greater protection to an accused than does section 10 of the Bill of Rights of the Constitution of Kansas. Therefore, the three underlying protections contained in the double jeopardy clause of the Constitution of the United States are contained in section 10 of the Bill of Rights of the Kansas Constitution."

The *Freeman* court then set forth the two Kansas statutory provisions which relate to the constitutional double jeopardy protection when it stated:

"In order to implement and define the constitutional guarantees of the double jeopardy clause, the Kansas legislature enacted two statutes: (1) K.S.A. 1983 Supp. 21-3107, multiple prosecutions for the same act, and (2) K.S.A. 21-3108, effect of former prosecution. K.S.A. 1983 Supp. 21-3107 defines the right of the prosecution to charge more than one offense based on the same act and to convict of an included offense not specifically charged. It formulates the limitations upon unfair multiplicity of convictions and prosecutions. K.S.A. 21-3108 attempts to cover the complex problems of former jeopardy." 236 Kan. at 281.

The trial court in our case primarily based its decision to dismiss the second prosecution on the provisions of K.S.A. 21-3108. The applicable portions of the statute at issue read:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:
(a) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or
. . . .
(c) Was terminated without the consent of the defendant after the defendant had been placed in jeopardy . . . . A defendant is in jeopardy when he or she is put on trial in a court of competent jurisdiction upon an indictment, information or complaint sufficient in form and substance to sustain a conviction, and in the case of trial by jury, when the jury has been impaneled and sworn, or where the case is tried to the court without a jury, when the court has begun to hear evidence."

We will first resolve Beerbower's assertion that his first trial resulted in a judgment of acquittal, thereby prohibiting a second trial pursuant to subsection (1)(a) of K.S.A. 21-3108. We will then proceed to examine whether subsection (1)(c) applies to bar a second prosecution against Beerbower.

The distinction between a judgment of acquittal or of dismissal is often not easily determined, although under the facts of this case, the judgment was clearly a dismissal. An excellent example of this problem is found in *State v. Whorton*, 225 Kan. 251, 589 P.2d 610 (1979), where a judgment of acquittal was requested, but the case was dismissed by the trial court. In a 4-3 decision, we stated: "[A] trial judge's characterization of his own action does not control the

classification of the action." 225 Kan. at 254. As the record reflected that the trial court, correct or not, did resolve factual issues in the case, the majority held a judgment of acquittal actually occurred.

The dissent, on the other hand, focused on the portion of K.S.A. 21-3108(1)(c) that provides the case must have been "terminated without the consent of the defendant" and argued that because the trial was aborted by reason of the defendant's motion to dismiss, it was therefore terminated with the consent and at the instance of the defendant. The dissent thus concluded that no interest protected by the Double Jeopardy Clause was invaded. 225 Kan. at 258 (Fromme, J., dissenting).

In *Whorton,* we defined a judgment of acquittal as " 'a resolution correct or not, of some or all of the factual elements of the offense charged.' " 225 Kan. at 254. Although in both *Whorton* and *Lowe v. State,* 242 Kan. 64, 67, 744 P.2d 856 (1987), we found the dismissals were actually judgments of acquittal, the factor we deemed important was that both courts had resolved factual issues prior to the dismissal.

In the present case, the record establishes the trial court resolved absolutely no factual matters prior to ordering the dismissal. Although Beerbower requested an order of acquittal on the day following the dismissal, which would have required the application of double jeopardy under K.S.A. 21-3108(1)(a) and also made the case ineligible for appeal by the State pursuant to K.S.A. 22-3602(b)(1), it is clear that a judgment of acquittal was never issued in the first case. Nor did the trial court make any statement to the effect it was dismissing the case due to lack of evidence supporting the charge. We find, based on the record, that the dismissal of the first prosecution was not a judgment of acquittal.

We next briefly address Beerbower's contention that jeopardy need not have attached under K.S.A. 21-3108(1)(a) in order to bar a second prosecution. In *Serfass v. United States,* 420 U.S. 377, 392, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975), the Court emphasized that the bar on a subsequent prosecution "has no significance in this context unless jeopardy has once attached and an accused has been subject to the risk of conviction." Thus, Beerbower's conten-

tions that jeopardy does not apply to K.S.A. 21-3108(1)(a) and that this subsection would bar reprosecution even if jeopardy did not attach are clearly erroneous.

In our analysis of K.S.A. 21-3108(1)(c), we must, as a preliminary matter, decide whether Beerbower consented to the termination of the former prosecution. If the facts reveal he did so consent, then he is not entitled to protection under subsection (1)(c) from a second prosecution.

Under the facts of our case, it is clear that the trial court on its own motion, after refusing the prosecutor's request for a continuance, dismissed the action. The record establishes that the court did not give Beerbower's counsel an opportunity to either object or consent to a continuance. While Beerbower did not request the dismissal, after the court said the case was dismissed, Beerbower expressed appreciation through his counsel's statement, "Thank you, your honor."

Our initial question then is whether the first case was terminated with or without Beerbower's consent when the trial court on its own motion dismissed his case. In *State v. Schilling*, 238 Kan. 593, 602, 712 P.2d 1233 (1986), we addressed the question of whether jeopardy had attached to the defendant pursuant to K.S.A. 21-3108(1)(c) when the State had been forced, under threat of contempt, to dismiss the case. It was not deemed critical to our determination whether the defendant had consented to the dismissal, although there was no indication of the defendant's objection. Our opinion moved directly to a statement that jeopardy had not attached because a jury had not been impaneled, nor had a trial begun to the court.

The situation in *Schilling* appears similar to the one before us. Additionally, in *State v. Reynolds*, 140 Kan. 269, 272, 36 P.2d 323 (1934), we said:

"Appellant cites authorities to the effect that mere silence of the defendant, or his failure to object or protest against the discharge of the jury, does not constitute a consent to such discharge of the jury or in any way waive his constitutional rights against being subjected to a second jeopardy. To this we fully agree, but we can readily see a distinction between such conduct and the active pressing of an objection the sustaining of which will produce the same result."

See *State v. Stiff*, 117 Kan. 208, 209, 234 Pac. 700 (1924); see also Annot., 63 A.L.R.2d 782, 791 (noting that cases are divided as to whether silence is deemed to be consensual).

In order to reach the more fundamental question of whether Beerbower was placed in jeopardy, we interpret the "without the consent" portion of K.S.A. 21-3108(1)(c) as involving situations where a defendant did not request the dismissal or explicitly give consent to the dismissal through his or her actions. It appears that under the facts of this case, the dismissal occurred without either Beerbower's consent or affirmative acts, which requires us to address whether he was placed in jeopardy at the first trial as defined in subsection (1)(c).

Under the clear wording of K.S.A. 21-3108(1)(c), a defendant is not in jeopardy in a case tried to the court until the court begins to hear evidence. The wording of the statute critical to this case is "when the court has begun to hear evidence." If the facts show this condition has been satisfied, jeopardy statutorily attaches. If it has not, jeopardy has not attached and the second prosecution may properly continue.

We have previously held that "begun to hear evidence" in a trial to the court means when the first witness for the state is sworn. In noting that double jeopardy is not violated by interlocutory appeals of pretrial rulings by the State, we declared in *State v. Griffin*, 246 Kan. 320, 322, 787 P.2d 701 (1990), that "jeopardy does not attach until the jury is sworn or, in a trial to the court, when the first witness for the prosecution is sworn." We similarly stated in *State v. Ruden*, 245 Kan. 95, 99, 774 P.2d 972 (1989): "The Kansas cases that have allowed a motion for judgment of acquittal to bar an appeal have involved a situation in which the trial has begun and jeopardy has attached. . . . In a bench trial, jeopardy attaches when the first witness is sworn." See *Crist v. Bretz*, 437 U.S. 28, 37 n.15, 57 L. Ed. 2d 24, 98 S. Ct. 2156 (1978); *Serfass v. United States*, 420 U.S. at 388. This appears to be a clear recognition that jeopardy does not attach until a witness is sworn. However, in *Serfass*, the case upon which *Crist* relies, the Court merely pointed out: "In a nonjury trial, jeopardy attaches when the court begins to hear evidence." 420 U.S. at 388. The footnote in *Crist* apparently

interpreted *Serfass* to mean that a court does not begin to hear evidence until a witness is sworn.

The line for the time when jeopardy attaches in jury trials—when the jury is sworn—was clearly drawn by the Supreme Court's decision in *Crist*, 437 U.S. at 37-38. The Court declared this line was the " 'lynchpin for all double jeopardy jurisprudence' " and could neither be moved forward nor backward by the states. Our statutory provision in K.S.A. 21-3108(1)(c) clearly implements the line drawn in *Crist* for jury trials. However, the line for bench trials has not been so clearly delineated, as the question of when a court has begun to hear evidence is obviously open to dispute. As the *Crist* decision demanded the adoption of a bright line rule for determining when jeopardy attaches in a jury trial, its statement that jeopardy does not attach in a bench trial until the first witness is sworn appears also to be indicative of where the line must be drawn in trials to a court.

We have no Kansas cases exactly on point where charges were dismissed under circumstances similar to those existing here. However, in discussing K.S.A. 21-3108(1)(c) in *State v. Fink*, 217 Kan. 671, 675, 538 P.2d 1390 (1975), a speedy trial case, we explained:

"Our law is clear that the mere pendency of an indictment, information, or complaint does not constitute jeopardy. (*Cox v. State*, 205 Kan. 867, 873, 473 P.2d 106 [1970].) The dismissal or *nolle prosequi* of a criminal charge entered prior to the arraignment and trial of an accused is not a bar to a subsequent prosecution for the same offense. (*Kenreck v. State*, 198 Kan. 21, 24, 422 P.2d 894 [1967] and authorities cited.) The same is true where a charge has been dismissed against a prisoner prior to the expiration of the time limitation, and a second information is filed."

The United States Supreme Court in *Collins v. Loisel*, 262 U.S. 426, 429, 67 L. Ed. 1062, 43 S. Ct. 618 (1923), pointed out:

"Even the filing of an indictment, followed by arraignment, pleading thereto, repeated continuances, and eventual dismissal at the instance of the prosecuting officer on the ground that there was not sufficient evidence to hold the accused, was held, in *Bassing v. Cady*, 208 U.S. 386, 391, not to constitute jeopardy."

The question in this case deals with an order of dismissal by the court, but we also point out that county attorneys have the power to determine what charges to file and a continuing right to dismiss

charges at their discretion. See *State ex rel. Rome v. Fountain*, 234 Kan. 943, 947-48, 678 P.2d 146 (1984), and the cases cited therein. When a county attorney exercises this right of dismissal, jeopardy will normally not be deemed to have attached. But see *State v. McClanahan*, 259 Kan. 86, 101, 910 P.2d 193 (1996) (holding that if a prosecutor's misconduct was intentional and substantially prejudiced the defendant's right to a fair trial, double jeopardy would prohibit a new trial).

Further, in *State v. Bierman*, 248 Kan. 80, 88-89, 805 P.2d 25 (1991), we held that "brought to trial" for purposes of computing a speedy trial deadline under K.S.A. 22-3402(1) does not mean when a defendant is placed in jeopardy. The precise issue in *Bierman* was whether Bierman's right to a speedy trial was violated when voir dire commenced on the 90th day following arraignment, but jeopardy under K.S.A. 21-3108(1)(c) did not clearly attach until the 91st day, when the jury was sworn. Under the facts, we held the speedy trial obligation under K.S.A. 22-3402(1) was not violated.

Based upon our analysis of all of these authorities, Beerbower was not placed in jeopardy when his case was called for trial and no evidence was presented. Although it may have been obvious to the parties that the State would not have been able to present a case without the missing witness, the record before us indicates that once the State's continuance request was denied, the court immediately ruled that it was dismissing the case. This is not an acquittal, nor is it the basis for imposition of the protection of K.S.A. 21-3108(1)(c).

An examination of the law in other jurisdictions supports this conclusion. In Annot., When Does Jeopardy Attach in a Nonjury Trial?, 49 A.L.R.3d 1039, the cases summarized all hold that at least some evidence must have been introduced or a witness sworn before jeopardy attaches. This is consistent with the ruling and decision we make herein.

We summarize our holding as follows:

1. The trial court's order in the first case was a dismissal and not a judgment of acquittal.

2. The trial court had not begun to hear evidence in the first case, so a subsequent prosecution was not barred as double jeopardy by the provisions of K.S.A. 21-3108(c)(1) or the Kansas or United States Constitutions.

Reversed and remanded for trial.