No. 91,672

STATE OF KANSAS, *Appellant*, v. JASON A. TREMBLE, *Appellee*.

109 P.3d 1188

Opinion filed April 22, 2005.

*Dan Dunbar*, assistant district attorney, argued the cause, and *Bethany C. Daniels*, assistant district attorney, *Christine E. Kenney*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellant.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: This is an appeal filed by the State on a question reserved pursuant to K.S.A. 2003 Supp. 22-3602(b)(3). The appeal was transferred to this court on our own motion (K.S.A. 20-3018[c]). The State contends the district court erred in: (1) not allowing the State to file an amended complaint and (2) not allowing the State the opportunity to dismiss the complaint.

### FACTS

The pertinent facts may be summarized as follows. On October 5, 2003, defendant, while on probation, discharged multiple gunshots into the pavement in front of a crowded bar named Brothers· in Lawrence, Kansas. Eleven victims were injured. Apparently, most if not all of the injuries were from metal fragments rather

than whole bullets. On October 6, 2003, defendant was charged with eleven counts of aggravated battery under K.S.A. 21-3414(a)(2)(B), and one count of unlawfully possessing a firearm under K.S.A. 2003 Supp. 21-4204(a)(4), all severity level 8 felonies. Additionally, he was charged with the misdemeanor of leaving the scene of a noninjury accident (K.S.A. 8-1603).

The parties appeared before the district court on October 31, 2003, for the scheduled preliminary hearing. The district court asked if there were any preliminary matters to address before the State called its first witness. At that time, defense counsel announced that defendant wished to waive his right to a preliminary hearing and proceed to arraignment. The district court addressed defendant directly to determine if he understood the ramifications of waiving this right and if he had sufficient time to make his decision. Tremble answered all the questions posed by the district court affirmatively and stated his desire to waive the preliminary hearing.

Before accepting defendant's waiver, the district court asked both defense counsel and the State for comment. Defense counsel indicated that defendant understood he could proceed to arraignment. The State then advised the court that it had filed all of the aggravated batteries as level 8 felonies because it had no information on the severity of the injuries. The State had planned to use preliminary hearing testimony to determine if the charges as to some victims should be amended to level 5 aggravated battery (K.S.A. 21-3414[a][2][A]). The State indicated it wanted 15 minutes "to file an amended complaint."

The court recessed for an indeterminate time to do some legal research. When the proceeding resumed, the State reiterated it had the right to file an amended complaint. The State did not proffer an amended complaint or indicate what counts it wanted to amend. The court stated it was accepting defendant's waiver of preliminary hearing and was proceeding to arraignment. The defendant then indicated he wanted to plead guilty to all 13 counts.

The State then reiterated it had the right to amend the complaint. The court advised that it was too late to amend the complaint. The State advised that it "understand[s] that" but wanted

"five minutes to consider whether I'm dismissing or whether I'm keeping the current charge[s] intact." The court advised it was proceeding. The State then advised the court:

"[The State]: . . . I know I can't file this amended complaint given the Court's ruling. But until he has entered his plea, I don't think I have to accept it. I can dismiss the case prior to that. *I'm not saying I want to do that, but I think that's my right and I want five minutes to consider that.*" (Emphasis added.)

The court declined to give the State the requested 5 minutes and proceeded to hear and accept the defendant's pleas to the 13 counts as set forth in the complaint. The State then filed this appeal upon a question reserved. In its brief, the State requested this court "to set aside the Defendant's guilty pleas [and] remand this case back to the trial court for further proceeding." At oral argument the State conceded such relief is not available in an appeal based on a question reserved.

## QUESTIONS RESERVED

K.S.A. 2003 Supp. 22-3602(b)(3) provides that the prosecution can appeal upon a question reserved. Such an appeal is permitted to allow the prosecution to obtain review of a trial court's adverse ruling on a legal issue of statewide interest that is important to the correct and uniform administration of criminal justice. No formal procedural steps are required by K.S.A. 2003 Supp. 22-3602(b)(3) to appeal on a question reserved. All that is necessary for the State to reserve a question for presentation on appeal is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay. *State v. Mountjoy*, 257 Kan. 163, 166, 891 P.2d 376 (1995).

In *State v. Woodling*, 264 Kan. 684, 687, 957 P.2d 398 (1998), we held:

" 'Questions reserved by the State in a criminal prosecution, under K.S.A. 22-3602(b), will not be entertained on appeal merely to demonstrate whether error has been committed by the trial court. . . . Generally, this court has accepted appeals on questions reserved by the State where the appeals involve questions of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes.' [Citations omitted.]

" 'We have uniformly declined to entertain questions reserved in which the resolution of the question would not provide helpful precedent.' [Citations omitted.]"

## DISCUSSION

The record is thin on whether the State actually reserved any questions at the time of the complained-of rulings. However, little would be gained from further discussion on that subject. We turn instead to the issue of whether the issues reserved herein are matters of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes. Would resolution of the questions provide helpful precedent? We conclude the issues herein fail every facet of these tests.

The State, by its own admission, came to the scheduled preliminary hearing lacking information on the severity of the injuries of the 11 victims. It intended to glean this information from the preliminary hearing testimony of the victims and then decide if the severity of any of the aggravated batteries should be amended upward. Defendant's waiver of a preliminary hearing caught the State off guard and it was unable to take any decisive action. As the State candidly admitted at oral argument before us, had it ever moved to dismiss the complaint during the district court hearing, it would be in a very different situation than it is now.

We decline jurisdiction. The issues sought to be raised in this appeal as questions reserved are fact-specific and not of statewide interest.

The appeal is dismissed.

GERNON, J., not participating.