(124 P.3d 511)

No. 92,648

STATE OF KANSAS, *Appellant*, v. ROBERT COPPAGE, JR., *Appellee*.

Opinion filed December 23, 2005.

*Sheryl L. Lidtke*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Randall L. Hodgkinson*, deputy appellate defender, for appellee.

Before BUSER, P.J., MALONE and CAPLINGER, JJ.

MALONE, J.: The State appeals the trial court's order dismissing the charge of aggravated battery against Robert Coppage, Jr. This case arose from a domestic violence report involving Coppage and his girlfriend, T.S. The trial court dismissed the charge prior to the

completion of the State's evidence because at trial T.S. recanted her initial allegations against Coppage.

On January 31, 2004, the police were dispatched to a residence after they received a report of a domestic disturbance. Two officers spoke to Katrina McCuiston, a neighbor, who told the police that T.S. had sent a "text message" to her cell phone which contained a plea for help. The message, which was captured in a police photograph, requested McCuiston to send the police and an ambulance to T.S.'s residence.

After speaking with McCuiston, the police proceeded to T.S.'s residence. T.S. answered the door; her face was badly swollen and her eyes were swollen shut. T.S. was barely able to speak and she walked slowly. There was blood on her shirt. T.S. informed the police that Coppage had beaten her. She told the officers that Coppage punched her in the face with his fist, kicked her with his feet, and struck her with a lamp in the bedroom. T.S. showed the officers the lamp that had been damaged as a result of the beating. T.S. indicated that Coppage was drunk when he inflicted the injuries.

T.S. directed the officers to a bedroom where they found Coppage asleep on the bed. Coppage was awakened and immediately handcuffed and taken into custody. At the police station, Coppage gave a detailed statement in which he admitted to beating T.S.

T.S. was taken by ambulance to the hospital for treatment of her injuries which were documented with photographs. A pair of bloody jeans were found in the front room of the house. Blood was also found on the bed sheets and a pillow case in the bedroom.

The State charged Coppage with one count of aggravated battery. At a pretrial hearing, the trial court found that Coppage's statement was freely and voluntarily given and the statement would be admissible as evidence.

A jury trial was commenced, and the State presented evidence through McCuiston and the police officers. The photograph of McCuiston's text message was admitted into evidence. The police officers testified about their observations at the residence and the statements made to them by T.S. The photographs of T.S.'s injuries

were also admitted into evidence as well as other physical evidence collected at the scene.

T.S. then testified and recanted what she had previously told the police. She claimed that she did not know the man who had inflicted her injuries. She testified that she concocted her story to the police so that Coppage would be arrested at the scene, thereby preventing him from trying to locate and harm the real attacker. The prosecutor repeatedly impeached T.S.'s testimony with her prior inconsistent statements to the police.

After T.S. testified, the trial court excused the jury and asked the prosecutor how the State intended to prove the charge against Coppage. The prosecutor proffered the State's remaining evidence in its case in chief, which included Coppage's confession to the police. After hearing from the prosecutor, the trial court surmised that the State could not possibly meet its burden of proof and dismissed the charge against Coppage. The State timely appeals.

The State brings this appeal "[f]rom an order dismissing a complaint, information or indictment" under K.S.A. 2004 Supp. 22-3602(b)(1), and asks this court to reverse the trial court's dismissal and allow the State to retry Coppage for aggravated battery. In the alternative, the State appeals pursuant to K.S.A. 2004 Supp. 22-3602(b)(3) "upon a question reserved by the prosecution."

*Jurisdiction under K.S.A. 2004 Supp. 22-3602(b)(1)*

Initially, the State brings this appeal from an order dismissing a complaint, information, or indictment pursuant to K.S.A. 2004 Supp. 22-3602(b)(1) and asks this court to reverse the trial court's dismissal and allow the State to retry Coppage for aggravated battery. Coppage argues that a second trial would violate the Double Jeopardy Clause of the United States Constitution.

" 'The double jeopardy clause of the Constitution of the United States protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977). The language of section 10 of the Bill of Rights of the Constitution of Kansas is very similar to the language contained in the Fifth Amendment of the Constitution of the United States. Both provide in effect that no person shall be twice placed in jeopardy for the same offense. The language of the Fifth

Amendment guarantees no greater protection to an accused than does section 10 of the Bill of Rights of the Constitution of Kansas. Therefore, the three underlying protections contained in the double jeopardy clause of the Constitution of the United States are contained in section 10 of the Bill of Rights of the Kansas Constitution.' " *State v. Beerbower*, 262 Kan. 248, 251, 936 P.2d 248 (1997) (quoting *State v. Freeman*, 236 Kan. 274, 280-81, 689 P.2d 885 [1984]).

Kansas has codified the constitutional double jeopardy protections in K.S.A. 21-3108. K.S.A. 21-3108(1)(a) bars a subsequent prosecution if the defendant was formerly prosecuted for the same crime, based upon the same facts, if the former prosecution resulted in either a conviction or an acquittal, or a "determination that the evidence was insufficient to warrant a conviction."

Kansas case law is clear that the State may not appeal from a judgment of acquittal. *State v. G.W.A.*, 258 Kan. 703, 705, 906 P.2d 657 (1995). Here, the trial court did not refer to the dismissal as a judgment of acquittal. However, a trial court's characterization does not control the classification of the action. *Beerbower*, 262 Kan. at 252-53. A judgment of acquittal is " 'a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *State v. Whorton*, 225 Kan. 251, 254, 589 P.2d 610 (1979). In *Whorton*, the court found that jeopardy had attached against the defendant preventing retrial of the charges even though, as in the present case, the charges were dismissed before the State had completed presenting its evidence.

Jeopardy attached against Coppage when his jury was impaneled and sworn. K.S.A. 21-3108(1)(c). Because the trial court resolved factual issues in finding that the State could not meet its burden of proof, the trial court's dismissal of the charge amounted to a judgment of acquittal. Accordingly, even if the State's appeal is otherwise meritorious, double jeopardy bars further prosecution of Coppage for aggravated battery.

*Jurisdiction under K.S.A. 2004 Supp. 22-3602(b)(3)*

The State also appeals pursuant to K.S.A. 2004 Supp. 22-3602(b)(3) "upon a question reserved by the prosecution." Whether jurisdiction exists is a question of law over which this

court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

A question reserved "presuppose[s] that the case at hand has concluded but that an answer is necessary for proper disposition of future cases which may arise." *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). The Kansas Supreme Court has emphasized that questions reserved are not entertained simply to demonstrate trial court errors which are adverse to the State or because a decision would be helpful precedent. See *State v. Tremble*, 279 Kan. 391, 393, 109 P.3d 1188 (2005); *State v. Woodling*, 264 Kan. 684, 687, 957 P.2d 398 (1998); *City of Wichita v. Basgall*, 257 Kan. 631, 633, 894 P.2d 876 (1995). Instead, cases are reviewed only " ' "where the appeals involve questions of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes." ' " *Tremble*, 279 Kan. at 393 (quoting *Woodling*, 264 Kan. at 687).

Thus, we can permit this appeal under 22-3602(b)(3) only if we deem the issue presented to be of statewide interest. A brief review of the substance of the issue is essential to determine whether we should entertain this appeal upon a question reserved by the prosecution.

Here, the trial court essentially granted a motion for judgment of acquittal even before the State completed the presentation of its evidence.

" 'In ruling on a motion for judgment of acquittal, if a trial judge concludes from the evidence that a reasonable mind might fairly decide a defendant is guilty beyond a reasonable doubt, the motion must be denied and the case must go to the jury. On appeal, the reviewing court must decide whether a rational factfinder could have found the accused guilty without a reasonable doubt. [Citations omitted.]' " *State v. Wiggett*, 273 Kan. 438, 443, 44 P.3d 381 (2002).

T.S.'s recantation of her prior statements to the police made her a "turncoat witness" for the State. In dismissing the charge against Coppage, the trial court expressed a belief that the prior inconsistent statements of a turncoat witness cannot be used as substantive evidence to prove the elements of the crime. This is contrary to established Kansas law. See *State v. Davis*, 236 Kan. 538, 540-41, 694 P.2d 418 (1985); *State v. Holt*, 228 Kan. 16, Syl. ¶ 5, 612 P.2d

570 (1980); *State v. Fisher*, 222 Kan. 76, 82, 563 P.2d 1012 (1977). Had the trial court not dismissed the case, the jury would have been permitted to consider T.S.'s prior inconsistent statements to the police as substantive evidence in determining whether Coppage was guilty of the charge. Although T.S.'s recantation provided conflicting evidence for the jury to weigh, this fact alone would not have barred the State from obtaining a conviction against Coppage.

A review of the record reveals that the State had presented sufficient evidence against Coppage to sustain a conviction for aggravated battery even at the point the trial was prematurely stopped. The State had presented evidence through McCuiston and the police officers supporting the charge. The photograph of McCuiston's text message had been admitted into evidence. The police officers had testified about their observations at the residence and the statements made to them by T.S. The photographs of T.S.'s injuries had also been admitted into evidence as well as other physical evidence collected at the scene.

Furthermore, the trial court ignored the State's proffer of additional evidence which included Coppage's confession to the charge. The trial court had initially ruled that Coppage's statement would be admissible evidence. It should have been the jury's function at Coppage's trial to weigh the evidence and determine the credibility of the witnesses. *State v. Overton*, 279 Kan. 547, 554, 112 P.3d 244 (2005). By granting the judgment of acquittal after T.S.'s recantation, the trial court denied the jury the opportunity to determine Coppage's guilt or innocence. The trial court clearly erred in not allowing the case to proceed.

Nevertheless, Coppage argues that this appeal should not be entertained simply to demonstrate trial court errors which were adverse to the State. He cautions this court against entering an "advisory opinion" in a concluded case. According to Coppage, the issue presented in this case is not of statewide interest to merit consideration of an appeal.

We disagree. The protection of victims of domestic abuse is an issue of statewide interest. Furthermore, it is of statewide interest to ensure that a crime may be prosecuted even when a victim recants his or her original statement, especially where other evi-

dence supports the charge. Because victims of domestic violence often recant their initial statements to police, the factual scenario in Coppage's case is likely to arise in future cases.

We conclude the trial court erred by dismissing the aggravated battery charge against Coppage simply because T.S. recanted her original statements to the police. There was sufficient evidence of Coppage's guilt to submit the case to the jury. Despite the trial court error, however, double jeopardy prevents further prosecution of Coppage for aggravated battery.

Appeal sustained.