(206 P.3d 548)

No. 99,236

STATE OF KANSAS, *Appellant*, v. KRISTIN MARIE TOLER, *Appellee*.

Opinion filed May 1, 2009.

*Steven J. Obermeier*, assistant district attorney, *Phill Kline*, district attorney, and *Stephen N. Six*, attorney general, for appellant.

No appearance by appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MALONE, J.: The State appeals the district court's decision to acquit Kristin Marie Toler of criminal possession of a firearm on school property. The State appeals upon a question reserved and asks whether school must be in session or whether children must be present on the school property in order to find a person guilty of criminal possession of a firearm in violation of K.S.A. 21-4204(a)(5). We hold that a person may be found guilty of criminal possession of a firearm on school property in violation of K.S.A. 21-4204(a)(5) even when school is not in session or children are not present on the school property at the time the offense is committed.

On August 21, 2006, at approximately 4:25 a.m., Toler was on the property of Shawnee Mission West High School in Overland Park. Toler had parked her car in the school parking lot, and her dog was running loose on the school grounds. Toler was placing items into the trunk of her car and into an athletic bag on the ground next to her car when Officer Heavin, of the Overland Park Police Department, approached Toler about the fact that her dog was not on a leash. Heavin looked down into the athletic bag next to Toler's car and observed a dark blue case that he recognized as a handgun case. When Heavin asked Toler what was in the case, she stated that it contained a handgun.

Heavin recovered a Beretta 9 mm handgun from Toler and informed her it was illegal to have a firearm on school property. The gun was not loaded, the magazine clip was empty, and Toler did not have any ammunition in her possession. Toler told Heavin she intended to put the gun in the trunk of her car while she went for a run with her dog, and she did not know it was against the law to possess a firearm on school property. Heavin issued Toler a citation for the handgun violation and released her. At the time of the incident, classes were not in session and there was no school-sponsored activity on the property.

On September 8, 2006, the State charged Toler with one count of criminal possession of a firearm on school property in violation of K.S.A. 21-4204(a)(5), a class B misdemeanor. The parties sub-

mitted the case to the district court on stipulated facts, which stated in part:

"1. On Monday, August 21, 2006, at approximately 4:25 am, Overland Park, Kansas police officers contacted the defendant, Kristin Marie Toler, on the property of Shawnee Mission West High School, 8500 Antioch Road, Overland Park, Johnson County, Kansas.

"2. Shawnee Mission West High School is a building and grounds used by unified school district of Shawnee Mission (Shawnee Mission School District), for student instruction and attendance, and extracurricular activities of pupils enrolled in grades 9 through 12.

"3. Kristin Marie Toler is not a law enforcement officer and she does not qualify for any of the exceptions listed in K.S.A. 21-4204(b).

"4. Toler had her dog running loose on the school property and she had her car parked in the school parking lot, which is also school property.

. . . .

"6. Officer Heavin approached Toler to discuss several municipal ordinance violations pertaining to her dog. Officer Heavin looked down into the open athletic bag [in which] Toler had been placing items and observed a dark blue case that Officer Heavin recognized from his training and experience as a handgun case.

. . . .

"8. Officer Heavin recovered from Toler a Beretta 9 mm firearm, model 92FS, serial number BER427588. The gun was not loaded, the magazine was empty and Toler did not have any ammunition in her possession.

"9. Toler stated that she was planning on putting the gun into the trunk of her car and then go for a run with her dog. Toler was cited and released. Toler stated that she did not know it was against the law to possess a firearm on school property.

. . . .

"11. Classes were not in session for student instruction or attendance or extra curricular activities of pupils enrolled in kindergarten or any grades 1 through 12 or any regularly scheduled school sponsored activity or event on the school property when Toler was present with the firearm."

Toler filed a brief in support of acquittal and the State filed a response. Toler argued that she did not violate K.S.A. 21-4204(a)(5) because the statute requires that classes be in session at the time of the offense. She compared the language of K.S.A. 21-4204(a)(5), which is silent as to whether school must be in session, to the language of K.S.A. 2008 Supp. 65-4161 and K.S.A. 2008 Supp. 65-4163, which expressly provide that school need not be in session for an offender to commit the crime of possession of drugs within 1,000 feet of school property. Toler maintained that the

legislature's decision not to use the same language in the criminal possession of a firearm statute manifested the legislature's intent that school must be in session in order to violate K.S.A. 21-4204(a)(5). Alternatively, Toler contended that the statute was unconstitutionally vague.

The district court held a hearing on August 1, 2007, and heard arguments of counsel. Following the hearing, the district court acquitted Toler of criminal possession of a firearm on school property, finding that because school was not in session at the time of the alleged offense, she had not violated the statute. Specifically, the district court concluded: "The Court further finds that the Legislative intent of K.S.A. 21-4204(a)(5), requires that school be in session or classes [are] actually being held at the time of the offense or that children must be present within the building or on the property during the time of the alleged offense." Because the district court decided the issue based on statutory interpretation, the court did not reach Toler's constitutional argument. The State reserved the question for appeal and timely filed a notice of appeal.

### Jurisdiction

The State has filed this appeal upon a question reserved by the prosecution pursuant to K.S.A. 22-3602(b)(3). An appeal on a question reserved by the prosecution will not be entertained unless it involves a question of statewide interest and is vital to a correct and uniform administration of the criminal law. No formal procedural steps are required by K.S.A. 22-3602(b)(3) for the State to appeal on a question reserved. All that is necessary for the State to reserve a question for appeal is to make a proper objection or exception at the time a judgment is entered by the district court, laying the same foundation for appeal that a defendant is required to lay. *State v. Tremble*, 279 Kan. 391, 393-94, 109 P.3d 1188 (2005).

Here, the State reserved the question when the district court granted Toler's motion for acquittal. The State argues that resolution of this issue would provide helpful precedent, given the number of school districts in Kansas and the legislature's intent to regulate the presence of firearms on school property. As the State

noted in its brief, during the 2006-07 school year, the Kansas Department of Education reported that more than 460,000 children in grades kindergarten through 12 attended public schools in Kansas. There are approximately 300 school districts across Kansas' 105 counties.

This court has previously recognized that the legislature has acknowledged a greater need to deter individuals from carrying guns onto school property than in other public places. *State v. Bennett*, 20 Kan. App. 2d 767, 776, 892 P.2d 522 (1995). Because the State is correct that the answer to the question reserved would provide helpful precedent to the bench, bar, and law enforcement personnel throughout this state, we will entertain the State's appeal. See *State v. Skolaut*, 286 Kan. 219, 224-26, 182 P.3d 1231 (2008) (discussing questions reserved).

### *Interpretation of K.S.A. 21-4204(a)(5)*

The State claims the district court erroneously added an element to the crime of criminal possession of a firearm that is not contained in the statute by finding that school must be in session for a violation of the statute to occur. According to the State, the language of K.S.A. 21-4204(a)(5) is clear and unambiguous. Thus, the State claims the district court should not have resorted to the principles of statutory construction by comparing the language of K.S.A. 21-4204(a)(5) regarding criminal possession of a firearm on school property to the language of K.S.A. 2008 Supp. 65-4161 and K.S.A. 2008 Supp. 65-4163 regarding the possession of drugs within 1,000 feet of school property. Toler did not file a brief on appeal.

Interpretation of a statute is a question of law over which an appellate court has unlimited review. See *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). An appellate court's first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007).

"When a statute is plain and unambiguous, we do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found in it. We need not resort to statutory construction. It is only if the statute's language or text is unclear or ambiguous that we move to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007).

Pursuant to K.S.A. 21-4204(a)(5), criminal possession of a firearm is

"possession of any firearm by any person, other than a law enforcement officer, in or on any school property or grounds upon which is located a building or structure used by a unified school district or an accredited nonpublic school for student instruction or attendance or extracurricular activities of pupils enrolled in kindergarten or any of the grades 1 through 12 or at any regularly scheduled school sponsored activity or event."

Pursuant to K.S.A. 21-4204(b), subsection (a)(5) shall not apply to:

"(1) Possession of any firearm in connection with a firearms safety course of instruction or firearms education course approved and authorized by the school;

"(2) any possession of any firearm specifically authorized in writing by the superintendent of any unified school district or the chief administrator of any accredited nonpublic school;

"(3) possession of a firearm secured in a motor vehicle by a parent, guardian, custodian or someone authorized to act in such person's behalf who is delivering or collecting a student; or

"(4) possession of a firearm secured in a motor vehicle by a registered voter who is on the school grounds, which contain a polling place for the purpose of voting during polling hours on an election day." K.S.A. 21-4204(b).

K.S.A. 2008 Supp. 65-4161 and K.S.A. 2008 Supp. 65-4163, unlike the criminal possession of a firearm statute, expressly provide that school need not be in session for an offender to commit the crime of possession of drugs within 1,000 feet of school property:

"Nothing in this subsection shall be construed as requiring that school be in session or that classes are actually being held at the time of the offense or that children must be present within the structure or on the property during the time of any alleged criminal act. If the structure or property meets the description above, the actual use of that structure or property at the time alleged shall not be a defense to the crime charged or the sentence imposed." K.S.A. 2008 Supp. 65-4161(d); K.S.A. 2008 Supp. 65-4163(b).

We agree with the State that the language of K.S.A. 21-4204(a)(5) is clear and unambiguous and we need not resort to principles of statutory construction to ascertain the legislative intent. Whether school is in session is irrelevant to the commission of the crime of criminal possession of a firearm on school property. By ruling that school must be in session or that children must be present on the school property for a violation of K.S.A. 21-4204(a)(5) to occur, the district court added language to the statute not readily found therein.

K.S.A. 21-4204(b) provides express exceptions to the prohibition against firearms on school property. Those exceptions do not provide for a defense based upon the fact that school is not in session or that children are not present on the school property at the time of the offense. While the legislature could have included language requiring that school be in session as an element of the offense, the legislature did not do so, probably for good reason. As the State points out in its brief, under the district court's interpretation of K.S.A. 21-4204(b)(5), a sniper arriving on school grounds to initiate a school shooting would not actually violate the statute until a student arrived on the property or until classes were in session.

We also agree with the State that the district court placed too much weight on the fact that K.S.A. 2008 Supp. 65-4161 and K.S.A. 2008 Supp. 65-4163 expressly provide that school need not be in session for an offender to commit the crime of possession of drugs within 1,000 feet of school property. The absence of this language from K.S.A. 21-4204(a)(5) does not establish a legislative intent that school must be in session to violate the criminal possession of a firearm statute.

In summary, K.S.A. 21-4204(a)(5) is clear and unambiguous. The possession of any firearm on school property upon which a building is located that is used for the instruction of students is sufficient to trigger a violation of the statute. See PIK Crim. 3d 64.07. Here, the district court resorted to unnecessary statutory construction and added language to the statute not readily found therein. Under the plain language of K.S.A. 21-4204(a)(5), a person may be found guilty of criminal possession of a firearm on school property, even when school is not in session or children are not

present on the school property at the time the offense is committed.

Appeal sustained.