NOT DESIGNATED FOR PUBLICATION

No. 121,307

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

KENDALL CARTER ROBERSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed April 10, 2020. Appeal dismissed.

*Mitch Spencer*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM:  Kendall Carter Roberson was acquitted by a jury of one count of rape and one count of aggravated sexual battery. The State appeals under K.S.A. 2019 Supp. 22-3602(b)(3), presenting two questions of law reserved for us to answer. Based on the trial court's ruling, the State asks whether: (1) voluntary intoxication can ever be a defense to rape under K.S.A. 2019 Supp. 21-5503(a)(2); and (2) amending a complaint to include a lesser included offense can ever be prejudicial to a defendant. Roberson argues both questions are not proper questions reserved. We agree with Roberson and dismiss the appeal.

1

Roberson was acquitted by a jury of one count of rape and one count of aggravated sexual battery. The State charged Roberson based on the allegations of A.C., who Roberson had been friends with since high school. A.C. was celebrating her 21st birthday with her father and some friends, Kyle Morris and Samantha Nash. They began drinking at a bar around 7 p.m. At some point, A.C. called Roberson and invited him to join. Roberson initially declined the invitation, stating he did not have any money. However, A.C. told Roberson her father had opened a tab at the bar, and he could buy drinks on the tab if he came to the bar. Roberson agreed and joined A.C., her father, and friends. A.C. and Roberson both drank to the point of intoxication. They left the bar around midnight, and Morris drove them to Nash's apartment.

A.C., Roberson, Nash, and Morris initially stood outside Nash's apartment. Morris and Nash eventually went inside. A.C. and Roberson stayed outside and began kissing near the base of the stairs outside the apartment. They moved over near where A.C.'s car was parked and continued kissing. While by her car, A.C. performed consensual oral sex on Roberson. Roberson and A.C. returned to the area near the stairs and Roberson attempted to have vaginal intercourse with A.C. but was unable to perform based on his intoxication. While this was going on, Nash and Morris had gone out onto Nash's deck and saw A.C. and Roberson together on the ground below, so they went back into Nash's apartment. Morris left shortly thereafter and did not see anyone outside. A.C. saw Morris leaving but did not say anything to him because she was embarrassed about what had happened. A.C. then went into Nash's apartment and told Nash that Roberson had raped her.

The State filed a complaint charging Roberson with three counts:  (1) nonconsensual rape of a victim overcome by force or fear under K.S.A. 2019 Supp. 21-

2

5503(a)(1)(A), or, in the alternative, rape based on the victim being incapable of giving consent due to the effect of alcohol under K.S.A. 2019 Supp. 21-5503(a)(2); (2) aggravated criminal sodomy of a victim incapable of giving consent due to intoxication under K.S.A. 2019 Supp. 21-5504(b)(3)(C); and (3) nonconsensual sexual battery of a victim overcome by force or fear under K.S.A. 2019 Supp. 21-5505(b)(1), or, in the alternative, aggravated sexual battery of a victim incapable of giving consent due to intoxication under K.S.A. 2019 Supp. 21-5505(b)(3).

At the conclusion of the preliminary hearing, the State withdrew the charges under K.S.A. 2019 Supp. 21-5503(a)(1)(A) in Count 1, and K.S.A. 2019 Supp. 21-5505(b)(1) in Count 3 because there was no evidence A.C. was overcome by force or fear. The district court refused to bind Roberson over for trial on Count 2 because the evidence demonstrated A.C. had the ability to consent, noting she performed oral sex on Roberson "hoping that would satisfy [Roberson] and not lead to further sex."

Prior to trial, the State moved to exclude evidence of Roberson's intoxication and requested the district court instruct the jury that voluntary intoxication is not a defense to rape. The district court denied the State's motion, finding voluntary intoxication could be a defense to rape under K.S.A. 2019 Supp. 21-5503(a)(2) based on the holdings in *State v. Murrin*, 309 Kan. 385, 435 P.3d 1126 (2019), and *State v. Smith*, 39 Kan. App. 2d 204, 178 P.3d 672 (2008). The State filed a motion to reconsider, which the district court denied. The State also filed an amended complaint removing the language in the rape and aggravated battery charges that A.C.'s "condition was known by Roberson," leaving only the language A.C.'s condition was "reasonably apparent" to Roberson. The State also added a third count of misdemeanor sexual battery, alleging Roberson touched A.C. "without her consent to arouse the sexual desires of himself."

At the outset of trial, the district court heard arguments on the inclusion of the new misdemeanor sexual battery charge. Roberson argued he acted in reliance on the State's

3

representation it was proceeding solely on the theory A.C. was incapable of giving consent. The district court agreed with Roberson's argument the State's new theory of the offense was unfairly prejudicial and struck the charge. At the close of evidence, the State objected to the district court instructing the jury on voluntary intoxication as a defense to rape and aggravated sexual battery. The district court overruled the State's objection. The State also requested the district court instruct the jury on sexual battery as a lesser included offense of aggravated sexual battery. The district court denied the request, stating: "I think it does introduce a new theory to the case at the last moment, unfairly prejudice the defendant, so I'll not instruct on the lesser included."

The State timely appeals, citing K.S.A. 2019 Supp. 22-3602(b)(3) (question reserved by the prosecution) as its basis for jurisdiction.

ANALYSIS

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. In a criminal case, the State's ability to appeal is limited by the jurisdictional bases provided by statute. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086 (2015). If a party appeals in a manner not prescribed by statutes, we must dismiss the appeal. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Whether jurisdiction exists is a question of law subject to unlimited review. 304 Kan. at 919. Here, the State invoked jurisdiction under K.S.A. 2019 Supp. 22-3602(b)(3), which provides: "Appeals to the court of appeals may be taken by the prosecution . . . as a matter of right . . . upon a question reserved by the prosecution."

"A question reserved 'presuppose[s] that the case at hand has concluded but that an answer is necessary for proper disposition of future cases which may arise.' *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). The Kansas Supreme Court has emphasized that questions reserved are not entertained simply to demonstrate trial court

4

errors which are adverse to the State or because a decision would be helpful precedent. See *State v. Tremble*, 279 Kan. 391, 393, 109 P.3d 1188 (2005); *State v. Woodling*, 264 Kan. 684, 687, 957 P.2d 398 (1998); *City of Wichita v. Basgall*, 257 Kan. 631, 633, 894 P.2d 876 (1995). Instead, cases are reviewed only ""where the appeals involve questions of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes."" *Tremble*, 279 Kan. at 393 (quoting *Woodling*, 264 Kan. at 687)." *State v. Coppage*, 34 Kan. App. 2d 776, 780, 124 P.3d 511 (2005).

We can permit an appeal under K.S.A. 2019 Supp. 22-3602(b)(3) only if the issue presented is one of statewide interest. 34 Kan. App. 2d at 780. Where "the issues sought to be raised in [an] appeal as questions reserved are fact-specific and not of statewide interest," we must dismiss the appeal for lack of jurisdiction. *State v. Tremble*, 279 Kan. 391, 394, 109 P.3d 1188 (2005).

On their face, the questions reserved by the State relate to issues of statutory interpretation. Interpretation of a statute is a question of law subject to unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). However, as Roberson points out, the substance of the State's arguments is largely fact-specific and generally only relates to alleged trial errors in this case.

*The State has not presented a proper question reserved claiming voluntary intoxication cannot be a legally appropriate defense to rape under K.S.A. 2019 Supp. 21-5503(a)(2).*

The State asserts voluntary intoxication cannot, as a matter of law, be a defense to rape under K.S.A. 2019 Supp. 21-5503(a)(2). Roberson argues this issue has already been decided by another panel of our court in *Smith*, 39 Kan. App. 2d at 211:

> "[T]he prohibited act is sexual intercourse with a victim incapable of giving consent, but the statute requires a *further* state of mind of the offender, *i.e.,* knowledge of that condition . . . . This is a state of mind that is beyond the general criminal intent required

for rape. Accordingly, we conclude the knowledge requirement of K.S.A. 21-3502(a)(1)(C) justified a voluntary intoxication defense."

Roberson further asserts our Supreme Court recently applied similar reasoning in *Murrin*, 309 Kan. at 397:

"The key language in [K.S.A. 2018 Supp. 21-5205(b)] is not 'particular intent or other state of mind'; rather, it is the language that makes it a 'necessary element to constitute a particular crime.' This language establishes that voluntary intoxication is an available defense when a defining mental state is a stand-alone element separate and distinct from the actus reus of the crime."

Roberson argues the holdings in *Smith* and *Murrin* have answered this question and are dispositive to this issue. Roberson is correct. We find the question presented by the State is not a proper question reserved of statewide importance.

*The State's argument regarding amendment of a complaint is not a proper question of law reserved.*

The State argues "adding a lesser included offense at any time can never be prejudicial to the defendant because a defendant is always on notice of lesser included offenses." The bulk of the State's briefing addresses legal and factual issues specific to this case. Specifically, the State asserts: (1) sexual battery is a lesser included offense of aggravated sexual battery; and (2) the State presented sufficient evidence of misdemeanor sexual battery at trial. Factual questions are not legal issues of statewide importance.

The State correctly cites to *State v. Pfannenstiel*, 302 Kan. 747, 753, 357 P.3d 877 (2015), which held: "[S]exual battery is a lesser included offense of aggravated sexual battery." But the State incorrectly defines the issue to be addressed as a question of law reserved. Our Supreme Court has already decided the issue, and its interpretation of

6

Kansas law controls. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017); *State ex rel. Stephan v. Finney*, 254 Kan. 632, 633, 867 P.2d 1034 (1994). Whether the State presented sufficient evidence to support a misdemeanor sexual battery charge is purely a question of trial error, which is inappropriate for an appeal on a question of law reserved. See *Tremble*, 279 Kan. at 393. Accordingly, the State has not presented a proper question reserved, and we lack jurisdiction.

Appeal dismissed.