NOT DESIGNATED FOR PUBLICATION

No. 123,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BOBBY BRUCE WHITE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Butler District Court; CHAD M. CRUM, judge. Opinion filed April 15, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Bobby Bruce White*, appellant pro se.

*Nathaniel J. Castillo*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.


PER CURIAM: This appeal arises out of the district court's summary denial of a K.S.A. 60-1507 motion filed by Bobby Bruce White. Specifically, the district court found that White's motion was both untimely and successive. On appeal, White argues that the district court erred in summarily denying his motion without an evidentiary hearing. However, based on our review of the record, we find that White's K.S.A. 60-1507 motion was untimely filed and that he has failed to establish manifest injustice to justify an extension of the time limitation for filing the motion. Thus, we affirm the district court's order summarily denying Brown's K.S.A. 60-1507 motion.

1

FACTS

On January 22, 2003, a jury convicted White of first-degree premediated murder. See *State v. White*, 279 Kan. 326, 109 P.3d 1188 (2005) (*White I*); *State v. White*, 284 Kan. 333, 161 P.3d 208 (2007) (*White II*). In his first direct appeal, the Kansas Supreme Court reversed his conviction and remanded the case to the district court for a new trial. *White I*, 279 Kan. at 341-42. On August 19, 2005, White was again convicted of premeditated first-degree murder and sentenced to life without the possibility of parole for 25 years. In his second direct appeal, our Supreme Court affirmed his conviction. *White II*, 284 Kan. at 335, 353. Since his conviction, White has unsuccessfully filed several K.S.A. 60-1507 motions as well as a federal habeas petition pursuant to 28 U.S.C. § 2254 (2012). See *White v. State*, No. 116,684, 2017 WL 4848559 (Kan. App. 2017) (unpublished opinion) (*White III*).

On May 31, 2019, White filed a K.S.A. 60-1501 petition for writ of habeas corpus in Leavenworth County District Court. At the time, White was incarcerated at Lansing Correctional Facility in Leavenworth County. The district court construed the petition as seeking relief under K.S.A. 60-1507 and summarily dismissed it without prejudice for improper venue. The district court found: "VENUE FOR MOTION PURSUANT TO KSA 60-1507 IS IN THE COUNTY OF CONVICTION, WHICH IN THIS CASE IS BUTLER COUNTY, KANSAS." On appeal, White conceded that his petition sought relief under K.S.A. 60-1507 and that the Leavenworth County District Court lacked jurisdiction over his petition. Although a panel of this court agreed, it found that the appropriate remedy was for the Leavenworth County District Court to transfer the matter to the Butler County District Court because it was the venue in which White was sentenced. See K.S.A. 2020 Supp. 60-1507(a). Thus, the panel reversed and remanded the motion to Leavenworth County District Court for transfer to the Butler County District Court. *White v. State*, No. 121,755, 2020 WL 2602031, at *2 (Kan. App. 2020) (unpublished opinion) (*White IV*).

On February 17, 2021, the district court summarily denied the motion—which was treated as one brought pursuant to K.S.A. 60-1507—on the grounds that it was both untimely and successive. Significant to this appeal, the district court found that the motion was filed out of time under K.S.A. 60-1507(f) and that White had failed to establish manifest injustice to justify the belated filing. Thereafter, White filed the present appeal, and we granted him leave to file a supplemental brief in addition to the one filed by his attorney.

ANALYSIS

To be entitled to relief under K.S.A. 60-1507, the movant must establish "by a preponderance of the evidence" either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 244). Here, because the district summarily denied White's motion, our review is de novo and we must "determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief." *Dawson v. State*, 310 Kan. 26, 35-36, 444 P.3d 974 (2019).

White candidly admits that his motion was filed outside the one-year time limit allowed by K.S.A. 2020 Supp. 60-1507(f). When the movant is claiming ineffective assistance of counsel in a prior K.S.A. 60-1507 matter, our court has allowed a new motion to be filed within one year to challenge counsel's representation in the prior K.S.A. 60-1507 proceeding. See *Rowell v. State*, 60 Kan. App. 2d 235, 241, 490 P.3d 78 (2021). A mandate in *White III*, 2017 WL 4848559, was issued on December 4, 2017. Thus, White had one year from that date to file a K.S.A. 60-1507 motion to assert whatever claims of ineffective assistance of appellate counsel he had.

3

Nevertheless, White waited until May 31, 2019, to file the current motion. As such, his motion is time-barred unless he can show manifest injustice for the belated filing. See K.S.A. 2020 Supp. 60-1507(f); *State v. Mitchell*, 315 Kan. __, 505 P.3d 739, 2022 WL 731527, at *3 (2022). "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2022 Supp. 60-1507(f)(2)(A). Based on our review of the record on appeal, we find that White has failed to establish manifest injustice and has not alleged actual innocence.

Although White uses the term "manifest injustice" in his motion and in his appellate briefs, he fails to show why he could not have filed his motion in a timely manner. Rather, he focuses on his substantive allegations against his prior appellate attorney. Significantly, a review of the record shows that White was aware of his prior appellate attorney's performance on March 8, 2018, because, on that date, he filed a complaint with the Disciplinary Administrator. Even so, he waited for well over a year to file his motion alleging ineffective assistance of appellate counsel.

Accordingly, we find that the district court's summary dismissal of White's motion that is the subject of this appeal was appropriate. Like the district court, we find that White has failed to establish manifest injustice for the belated filing. Because we conclude that summary dismissal is proper on the ground of untimeliness, it is unnecessary for us to consider White's additional arguments. Thus, we affirm.

Affirmed.