NOT DESIGNATED FOR PUBLICATION

No. 114,109

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

PERLA A. BANUELOS-ARAMBULA,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed May 26, 2017. Appeal dismissed.

*Ian D. Tomasic*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellee.


Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.


*Per Curiam*:  The State appeals the district court's order of judgment acquitting Perla A. Banuelos-Arambula of the criminal charge filed against her:  dealing in false identification documents. But the district court's judgment of acquittal resolved the factual elements of the offense charged after jeopardy attached; accordingly, we have no jurisdiction to hear the State's appeal. Accordingly, we must dismiss.

1

FACTS

On September 26, 2013, Kansas City, Kansas, Detective Nathan Doleshal received a tip from a confidential informant (CI) that a woman known as "Perla" was potentially selling false identification documents. Based on the tip, Doleshal worked with the CI to set up a controlled purchase of documents from Perla. On September 27, 2013, the CI contacted Perla and negotiated a price of $100 for the purchase of false identification documents to be picked up later that day at an address on Baltimore Avenue in Kansas City, Wyandotte County, Kansas. Doleshal outfitted the CI with a recording device and provided a $100 bill, the serial number of which he recorded for the purchase. The CI drove to the address and met with an older Hispanic woman, with whom he exchanged the $100 bill for the documents. The CI then provided the documents—a Social Security card and an identification card—to Kansas City Police Officer Jeff Miskec.

Detective Doleshal set up a second controlled purchase between the CI and Perla using the same information on October 1, 2013. Doleshal again outfitted the CI with a recording device and provided the CI with two $50 bills, the serial numbers of which he recorded. Doleshal drove the CI to the same address as provided for the first purchase. Doleshal parked on the street and observed as the CI exchanged the money for the documents with a younger woman at the front door of the residence and returned to Doleshal's vehicle, where the CI handed Doleshal a Social Security card and identification card.

Based on the evidence obtained from the controlled purchases, Detective Doleshal obtained a search warrant for the residence on Baltimore Avenue, which was executed on October 2, 2013. When the police arrived, they made contact with Mayela Arambula-Perez, whom Doleshal identified as the seller from the first controlled exchange. Suspecting that Perla was Arambula-Perez' daughter, the officers asked Arambula-Perez to contact her daughter and ask her to return home. A short time later Banuelos-Arambula

arrived. Doleshal identified Banuelos-Arambula as the seller from the second controlled purchase.

Police took Banuelos-Arambula into custody and confiscated her cell phone as evidence. When the police placed a phone call to the number the CI had used to contact Perla to set up the controlled purchases, Banuelos-Arambula's phone rang. The officers also searched Banuelos-Arambula's wallet and discovered two $50 bills with serial numbers matching those that Doleshal recorded prior to the second controlled purchase.

The State ultimately charged Banuelos-Arambula with dealing in false identification documents in violation of K.S.A. 2016 Supp. 21-5918(a), a severity level 8, nonperson felony. At the preliminary hearing, the State's only witness was Detective Doleshal. Banuelos-Arambula moved to dismiss on grounds that Doleshal could not testify about information he received from the CI because such testimony was inadmissible hearsay. The State responded that Doleshal's testimony provided sufficient evidence for a probable cause hearing and that "although we were not able to produce the CI today, the CI would obviously testify to what happened and what he said." The district court agreed that the State presented probable cause and bound Banuelos-Arambula over for trial.

The case proceeded to jury trial. After presenting three witnesses, the State advised the district court that, contrary to its assurance at the preliminary hearing, the CI would not testify at trial. The State then rested its case. Defense counsel moved for a directed verdict of acquittal, arguing that because counsel had relied on the State's assurance that the CI would testify at trial, counsel did not object to evidence or testimony that would now be deemed inadmissible without the CI's testimony. Counsel also argued the State presented insufficient evidence to establish the crime charged without the testimony of the CI. Finally, counsel argued that the State's failure to present

3

the CI as a witness prejudiced Banuelos-Arambula's substantial rights by completely eliminating the ability to cross-examine the CI about statements implicating her.

The district court directed a verdict of acquittal in Banuelos-Arambula's favor. The court held that it was "extremely prejudicial" for Banuelos-Arambula to have prepared for and proceeded in trial with the understanding that the CI would testify. In a written order, the district court made the following findings:

"1.	The State presented sufficient evidence, in the light most favorable to the State, that a reasonable fact finder could find the defendant guilty of the crime charged beyond a reasonable doubt.

"2.	The State did not present testimony from the confidential informant used to make the controlled buy in this case;

"3.	The Court allowed in certain evidence that it otherwise may not have admitted had it known the confidential informant was not going to be called as a witness;

"4.	The defendant was denied an opportunity to cross-examine a key witness to the crimes charged and was, therefore, unduly prejudiced."

Based on those findings, the district court granted Banuelos-Arambula's motion, dismissed the case against her, and discharged her from custody. After dismissal, the State moved the district court to reconsider or clarify its decision to grant directed verdict. The court held a hearing on the motion, at which the judge stated his rulings throughout the case were based on the assumption that the CI would be present and the defense would have the opportunity to cross-examine the CI, but that the basis for some of those decisions "had been substantially wiped off the table." The judge indicated that without the CI's testimony, there was not enough evidence to meet the State's burden in this case. The court denied the State's motion to reconsider the directed verdict of acquittal in a written order following the hearing, which stated:

4

"1.  The original position of the court has not changed.

"2.  Sufficient evidence was presented by the State, so that a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

"3.  The defendant was unduly prejudiced by the failure of the State to call the confidential informant in the case.

"4.  Evidence was admitted that the court may not have otherwise admitted had it known the State was not going to present testimony from the confidential informant."

ANALYSIS

On appeal, the State alleges the district court erred in granting Banuelos-Arambula's motion for a directed verdict of acquittal. Banuelos-Arambula asserts we do not have jurisdiction because the State is appealing from a judgment of acquittal. Whether the State has jurisdiction to appeal a district court's order presents a purely legal question over which this court exercises unlimited review. See *State v. Burnett*, 297 Kan. 447, 451, 301 P.3d 698 (2013).

Subject to certain exceptions, Kansas appellate courts only have jurisdiction over appeals taken in a manner prescribed by statute. *State v. Roberts*, 293 Kan. 29, 33, 259 P.3d 691 (2011). The State brought its appeal pursuant to K.S.A. 2013 Supp. 22-3602(b), which provides in relevant part:

"(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:

(1) From an order dismissing a complaint, information or indictment;

(2) from an order arresting judgment;

(3) upon a question reserved by the prosecution; or

(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

5

The State may not appeal a judgment of acquittal because such appellate review would constitute double jeopardy. See *Roberts*, 293 Kan. 29, Syl. ¶ 1; *State v. Whorton*, 225 Kan. 251, 254, 589 P.2d 610 (1979); *State v. Crozier*, 225 Kan. 120, 122, 587 P.2d 331 (1978); *State v. Gustin*, 212 Kan. 475, 479-80, 510 P.2d 1290 (1973). The State argues, however, that we should not characterize the district court's judgment as an acquittal but instead as a dismissal, which would make appellate jurisdiction proper under K.S.A. 2013 Supp. 22-3602(b)(1). "The distinction between a judgment of acquittal [and] of dismissal is often not easily determined." *State v. Beerbower*, 262 Kan. 248, 252, 936 P.2d 248 (1997). While the district court issued a judgment of acquittal here, a trial court's characterization of its own order does not control how appellate courts view it. See *Whorton*, 225 Kan. at 254.

The Kansas statute that authorizes judgments of acquittal, K.S.A. 22-3419, provides in pertinent part:

> "(1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right."

Kansas courts have similarly stated that for an order to be a nonappealable judgment of acquittal, it must (1) resolve a factual element (2) after jeopardy has attached. *E.g.*, *State v. Barlow*, 303 Kan. 804, 808, 368 P.3d 331 (2016); *Roberts*, 293 Kan. at 35. So the first inquiry is whether the district judge's order resolved some or all of the factual elements of the offense charged. A judgment of acquittal is "'a resolution, correct or not, of some or all of the factual elements of the offense charged.'" *Whorton*, 225 Kan. at 254 (quoting *United States v. Scott*, 437 U.S. 82, 97, 98 S. Ct. 2187, 57 L. Ed. 2d 65 [1978]); see also *Barlow*, 303 Kan. at 809 ("[T]he path taken by a district judge

6

to arrive at . . . an acquittal order may be flawed, but, regardless, it is not subject to reversal on appeal."). A challenge to the sufficiency of the evidence is properly viewed as a motion for judgment of acquittal. *Whorton*, 225 Kan. at 254.

Here, as the State points out, the district court's written order on its judgment of acquittal stated that "[t]he State presented sufficient evidence, in the light most favorable to the State, that a reasonable fact finder could find the defendant guilty beyond a reasonable doubt." But the court also stated in the same order that it "may not have admitted" certain of the State's evidence "had it known the [CI] was not going to be called as a witness." Finally, the court held that Banuelos-Arambula was "unduly prejudiced" because she was denied an opportunity to cross-examine the CI, who was a key witness to the crimes charged.

At the hearing on the State's motion to reconsider the judgment of acquittal, the district court more fully explained why it had ruled that the failure of the CI to testify created evidentiary issues:

> "The Court had made previous rulings throughout the nature of this case that the
> CI would be present and the defense counsel would have an opportunity to cross-examine
> the [CI]. When the [CI] failed to appear, the basis for some of the Court's original
> decisions in allowing testimony in had been substantially wiped off the table."

And most importantly, the court then concluded that without the CI's testimony, the court no longer considered the evidence that the State relied upon sufficient to meet its burden:

> "The State certainly has evidence that Detective Doleshal, who again, the Court
> finds to be a credible witness, was able to observe the CI go to the door, see some
> transaction take place, return to the vehicle having previously been searched and having
> been delivered the items that the detective testified, the false ID documents, to him but to

7

me that's just not enough without the CI being present to meet the State's burden in this case. And for those reasons, I will deny the motion to reconsider."

The district court made factual findings when it determined that the State had failed to meet its burden to prove the charges against Banuelos-Arambula. Specifically, the district court found that, without the CI's testimony, the State did not present sufficient evidence to support the charges in that case. Such a holding is proper grounds for a judgment of acquittal. See *Barlow*, 303 Kan. at 810 (district judge's factual finding that defendant was entitled to immunity eliminated possibility that State could meet evidentiary burden to prove offense charged, and qualified as resolution of factual elements of charged offense); see also *State v. Coppage*, 34 Kan. App. 2d 776, 779, 124 P.3d 511 (2005) ("Because the trial court resolved factual issues in finding that the State could not meet its burden of proof, the trial court's dismissal of the charge amounted to a judgment of acquittal."). The record confirms that the district court did resolve factual issues in the instant case; thus a judgment of acquittal occurred.

The second aspect of a judgment of acquittal is the requirement that jeopardy has attached. Jeopardy attached against Banuelos-Arambula when her jury was impaneled and sworn. See K.S.A. 2016 Supp. 21-5110(f); *State v. Ruden*, 245 Kan. 95, 99, 774 P.2d 972 (1989). The court granted the acquittal after the close of the State's evidence. See K.S.A. 22-3419(1) (judgment of acquittal may be entered "after the evidence on either side is closed"); *Roberts*, 293 Kan. at 37 ("[I]f the order is entered after the close of one party's evidence, jeopardy would have attached."). The district court resolved a factual element of the offense after jeopardy had attached. Accordingly, double jeopardy bars further prosecution of Banuelos-Arambula for dealing in false identification documents.

Alternatively, the State argues that the appellate court has jurisdiction pursuant to K.S.A. 2013 Supp. 22-3602(b)(3), under which the State may obtain an appellate ruling on a question reserved. A question reserved "presuppose[s] that the case at hand has

concluded but that an answer is necessary for proper disposition of future cases which may arise." *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). Kansas appellate courts may consider a question reserved by the prosecution if the issue presented is of "statewide interest important to the correct and uniform administration of criminal law." *State v. Berreth*, 294 Kan. 98, 121, 273 P.3d 752 (2012). Resolution of a question reserved must provide helpful precedent; it is not appropriate to merely determine whether the district court committed error. 294 Kan. at 121-22.

The question reserved as set forth in the State's brief is "whether a district court is permitted to grant a judgment of acquittal on a basis wholly unrelated to sufficiency of the evidence." However, as discussed above, the district court's judgment of acquittal was based on, and therefore related to, the sufficiency of the evidence: the court concluded that without the CI's trial testimony, the State had not met its burden of proof.

Dismissed.