NOT DESIGNATED FOR PUBLICATION

No. 115,883

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WESLEY L. ADKINS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 2, 2017.
Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant, and
*Wesley L. Adkins*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before ATCHESON, P.J., MALONE and POWELL, JJ.


*Per Curiam*:  Wesley L. Adkins appeals the district court's decision denying his
K.S.A. 60-1507 motion. Adkins claims the district court erred when it summarily denied
his motion without an evidentiary hearing. Specifically, Adkins argues that he was
entitled to an evidentiary hearing on his claims that his speedy trial rights were violated
and on his claims of ineffective assistance of trial counsel and appellate counsel. In a
pro se supplemental brief, Adkins also argues that the State knowingly presented perjured

1

testimony in order to obtain his convictions. For the reasons stated herein, we reject Adkins' claims and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This case arose in August 2009 and involved a domestic violence incident between Adkins and Mercedes Bates, his ex-girlfriend and mother of their 1-year-old daughter. After a dispute over other sexual partners, Adkins held Bates captive in her bedroom and, after threats to "burn her face off," he proceeded to burn Bates multiple times with an iron while she held the baby daughter.

The State filed charges against Adkins in two separate cases. In 09CR3379, the State charged Adkins with one count of aggravated kidnapping, two counts of aggravated battery, and one count of endangering the welfare of a child. In 09CR3389, the State charged Adkins with two counts of offender registration violation. The district court held a joint preliminary hearing on December 15, 2009, and Adkins was bound over for trial on the charges. Adkins was arraigned in both cases on December 23, 2009.

Although the State filed a motion to consolidate the cases for trial on December 16, 2009, the motion was not granted until a pretrial conference on March 22, 2010. Jury selection began on April 5, 2010, and the trial concluded 3 days later. At trial, Bates recanted many of her initial statements to the police. The jury found Adkins guilty of aggravated kidnapping, both counts of aggravated battery, a lesser included offense of child endangerment, and both counts of violating the offender registration statute. On June 7, 2010, the district court sentenced Adkins to a total prison term of 371 months.

Adkins appealed his convictions and sentence and received appointed counsel for the appeal. In his brief, Adkins argued that the district court erred in failing to deny the State's untimely motion to admit evidence under K.S.A. 60-455 and in failing to instruct

2

the jury on the definition of "residence" for purposes of the offender registration charges. Adkins also challenged his sentence as violating his Sixth and Fourteenth Amendment rights under the United States Constitution.

This court originally affirmed Adkins' convictions and sentence in *State v. Adkins*, No. 104,611, 2011 WL 6382858 (Kan. App. 2011) (unpublished opinion) (*Adkins I*). However, the Kansas Supreme Court granted Adkins' petition for review and remanded the case to this court for reconsideration of the offender registration convictions in light of *State v. LeClair*, 295 Kan. 909, 287 P.3d 875 (2012). On remand, this court reversed Adkins' convictions of two counts of offender registration violation and remanded for a new trial only on those two counts. *State v. Adkins*, No. 104,611, 2013 WL 2991061, at *2 (Kan. App. 2013) (unpublished opinion) (*Adkins II*). The outcome of the new trial is unclear from the record.

On April 22, 2014, Adkins filed a motion for relief pursuant to K.S.A. 60-1507, including a memorandum in support of his motion. Adkins raised five issues in his motion: (1) Adkins' speedy trial rights were violated; (2) Adkins' "Sixth Amendment right to effective assistance of counsel" was denied when continuances were requested over his objection and without his presence and his trial counsel failed "to assert in the motion to dismiss that [his] statutory right to a speedy trial had been violated"; (3) Adkins' "Fourteenth Amendment right to due process" was denied when perjured testimony was presented by the State; (4) Adkins' "Sixth Amendment right to effective assistance of appellate counsel" was denied when his appellate counsel "failed to raise meritorious issues of erroneous jury instructions [], statutory speedy trial violation [], and prosecutorial misconduct [] on [his] appeal;" and (5) Adkins' "constitutional and statutory rights" were denied "when the district court considered the jury's request and provided an answer to it without [his] presence."

3

The State filed its response to the K.S.A. 60-1507 motion on January 26, 2015. The State's response addressed all five issues Adkins raised in his motion and asserted that the claims could be denied without an evidentiary hearing. On October 7, 2015, the district court adopted the State's response and denied Adkins' motion. On May 20, 2016, the district court ordered that Adkins could file his notice of appeal out of time.

On appeal, Adkins argues that the district court erred when it summarily denied his K.S.A. 60-1507 motion without an evidentiary hearing. Adkins divides his argument into four distinct points. First, Adkins contends that his speedy trial rights were violated and that the "State should not be allowed to argue" that Adkins had no speedy trial rights because both parties believed the two cases had been consolidated at arraignment. Second, Adkins asserts that his trial counsel was ineffective for not protecting his right to a speedy trial. Third, Adkins argues that his appellate counsel was ineffective for failing to raise various issues on appeal. Finally, in Adkins' pro se supplemental brief, he asserts that the State knowingly presented perjured testimony to obtain his convictions.

The State responds that the district court properly denied Adkins' K.S.A. 60-1507 motion as none of the issues raised therein warranted an evidentiary hearing. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Adkins' speedy trial rights*

Adkins first argues that his statutory speedy trial rights were violated. In 09CR3379, the State charged Adkins with one count of aggravated kidnapping, two counts of aggravated battery, and one count of endangering the welfare of a child. In 09CR3389, the State charged Adkins with two counts of offender registration violation.

4

Adkins was arraigned in district court in both of his cases on December 23, 2009, and he was held in custody awaiting trial. Under K.S.A. 22-3402(1), the State was required to bring Adkins to trial within 90 days after his arraignment. Adkins' trial did not begin until April 5, 2010, 103 days after his arraignment, but only 14 days after the cases were consolidated for trial on March 22, 2010. Both the State and Adkins' defense counsel had requested trial continuances.

In denying Adkins' K.S.A. 60-1507 motion, the district court found that the speedy trial claim "could have been raised on direct appeal." Also, citing *State v. Mann*, 274 Kan. 670, 700, 56 P.3d 212 (2002), the district court determined that a "defendant who is in custody for two separate cases has no right to a speedy trial within 90-days under K.S.A. 22-3402(1) because the custody must be solely attributable to one case."

In this appeal, Adkins does not challenge the holding in *Mann*. However, Adkins argues that the holding in *Mann* does not apply in this situation because both the State and Adkins' defense counsel believed that Adkins' two separate cases had been consolidated at arraignment. Adkins contends the "doctrine of invited error should apply in this situation" to preclude the State from arguing that Adkins has no speedy trial rights because the State had moved to have the cases consolidated before the arraignment.

Adkins' speedy trial claim, as a stand-alone issue, is not properly raised in a K.S.A. 60-1507 motion. Kansas Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222) states as follows:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

5

Adkins could have asserted a violation of his statutory speedy trial rights in his direct appeal, including his claim that the doctrine of invited error applied to preclude the State from arguing that Adkins had no speedy trial rights, but he failed to do so. Pursuant to Rule 183(c)(3), Adkins' K.S.A. 60-1507 motion cannot be used as a substitute for a direct appeal involving mere trial errors or as a substitute for a second appeal. Adkins has asserted no exceptional circumstances, other than his ineffective assistance of counsel claims which will be addressed herein, to allow Adkins to raise this issue in a collateral proceeding. For this reason alone, the district court did not err in denying Adkins' K.S.A. 60-1507 motion based on his claim that his speedy trial rights were violated.

*Ineffective assistance of Adkins' trial counsel*

In a related issue, Adkins contends that his trial counsel was ineffective for not protecting his statutory speedy trial rights. He argues that his trial counsel was ineffective by asking for trial continuances even though he told his counsel "that he wanted no continuances." Adkins claims he was not allowed to be present when his cases were continued despite the fact "that he was in custody and could have been brought up to the courtroom . . . to object to trial counsel's request for a continuance." Although Adkins attempts to also claim on appeal that his trial counsel was ineffective "for assuming that the consolidation had been done," this was not the claim he made in district court.

To prevail on a claim of ineffective assistance of counsel, "a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

To determine whether Adkins' trial counsel was ineffective for failing to protect Adkins' statutory speedy trial rights, we must first determine whether his speedy trial rights were violated. The district court determined that Adkins' speedy trial rights were not violated because he was in custody in two separate cases and "the custody must be solely attributable to one case" in order for the speedy trial statute to apply.

K.S.A. 22-3402(1) states as follows:

"If any person charged with a crime and *held in jail solely by reason thereof* shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged form further liability to be tried for the crime charge, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5)." (Emphasis added.)

The caselaw is clear: "[T]he statutory right to speedy trial does not apply to criminal defendants who are held in custody for any reason other than the subject criminal charge." *Mann*, 274 Kan. at 699. In that case, Mann was being held in custody awaiting trial on a murder charge. He also was being held in jail on a separate case. Mann filed a motion to dismiss the murder charge based on a statutory speedy trial violation. The district court found that Mann had not been brought to trial within the statutory speedy trial period in either of his pending cases, but the court determined that the speedy trial statute did not apply because Mann was being held in two separate cases. 274 Kan. at 698-99. On appeal, the Kansas Supreme Court affirmed and held:

"The plain language of K.S.A. 22-3402(1) provides that the 90-day right to be brought to trial applies only when the defendant is charged with a crime and held solely on the basis of that charge. Mann was not held solely on the basis of the murder charge against him in this case. Therefore, K.S.A. 22-3402(1) did not apply." 274 Kan. at 700.

7

In another case, *State v. Hill*, 257 Kan. 774, 778, 895 P.2d 1238 (1995), the defendant was held in custody awaiting trial on multiple counts of aggravated kidnapping, aggravated robbery, rape, aggravated burglary, and theft. The defendant was also subject to a parole hold *arising from the same charges*. 257 Kan. at 778. In this instance, our Supreme Court summarily rejected the defendant's claim that his statutory speedy trial rights were violated, finding "that K.S.A. 22-3402 was inapplicable because the defendant was not being held in jail solely on the charges herein." 257 Kan. at 778.

Here, Adkins was held in custody awaiting trial in two separate cases. Adkins' speedy trial rights were not violated in 09CR3379 because he also was being held in 09CR3389. Likewise, Adkins' speedy trial rights were not violated in 09CR3389 because he also was being held in 09CR3379. Adkins' two cases were consolidated for trial on March 22, 2010, and his trial began 14 days later on April 5, 2010. Under these circumstances, Adkins' statutory speedy trial rights were not violated. See *State v. Allison*, No. 108,340, 2013 WL 5976066, at *2-3 (Kan. App. 2013) (unpublished opinion) (defendant's statutory speedy trial rights were not violated when defendant was held in custody in two separate cases even though the cases were consolidated for trial).

Adkins' claim of ineffective assistance of trial counsel is based on his assertion that his trial counsel requested continuances over his objection. While the resolution of such a claim normally might warrant an evidentiary hearing, no hearing is necessary here because, even if we assume that Adkins' trial counsel requested continuances over his objection, this action did not result in a violation of Adkins' speedy trial rights. There was no deficiency on behalf of Adkins' counsel in failing to protect his speedy trial rights and Adkins suffered no prejudice as a result of the performance of his trial counsel. See *Sola-Morales*, 300 Kan. at 882. Thus, the district court did not err in summarily denying Adkins' motion concerning his claim of ineffective assistance of trial counsel.

8

*Ineffective assistance of Adkins' appellate counsel*

Adkins contends his appellate counsel was ineffective by not raising claims of "meritorious issues of erroneous jury instructions," "statutory speedy trial violations," and "prosecutorial misconduct" on appeal. In addition, Adkins claims his appellate counsel was ineffective for failing to raise an issue about the trial judge responding to a jury request outside his presence.

To establish ineffective assistance of counsel on appeal, a defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. However, the failure of counsel "'to foresee a change in the law may lead to K.S.A. 60-1507 relief if the failure was not objectively reasonable.'" *State v. Shelly*, 303 Kan. 1027, 1045, 371 P.3d 820 (2016).

Adkins' ineffective assistance of appellate counsel claims regarding "meritorious issues of erroneous jury instructions" and "prosecutorial misconduct" can both be denied as abandoned. Adkins presents no arguments regarding either claim in his brief. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Adkins' ineffective assistance of appellate counsel claim regarding "statutory speedy trial violations" fails for the same reasons his claim of ineffective assistance of trial counsel fails.

This leaves Adkins with his claim that appellate counsel was ineffective for failing to brief an issue about the trial judge responding to a jury request outside his presence. Adkins claims that during jury deliberations, the jury asked to "have a CD player" so it

could listen to a recording of Bates' interview with the police that had been admitted into evidence. The jury also requested a transcript of the interview. The district court denied the request for a transcript, but it allowed the jury to have a CD player "over trial counsel's objection" and outside of Adkins' presence. Adkins claims this violated his statutory and constitutional rights to be present at all critical stages of the trial.

As the State points out, Adkins did not assert in district court that his appellate counsel was ineffective for failing to raise this particular issue. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

In any event, Adkins' claim can be rejected because he fails to establish prejudice. Adkins' trial counsel objected to both the transcript and the CD player being sent to the jury. While Adkins had a right to be present at this stage of the trial, it is unclear how his presence would have changed anything. The trial judge was simply allowing the jury to review evidence that had been admitted during the trial. Any error in hearing counsel's objection outside of Adkins' presence was harmless beyond a reasonable doubt. Adkins has failed to establish a reasonable probability that, but for appellate counsel's failure to raise this issue, the appeal would have been successful. See *Miller*, 298 Kan. at 930-31.

*Admittance of perjured testimony*

In his supplemental brief, Adkins claims the State knowingly presented perjured testimony to obtain his convictions. Adkins is referring to the fact that after Bates recanted many of her initial statements to the police at the trial, the State presented evidence of Bates' prior inconsistent statements to prove the charges against Adkins.

To the extent that Adkins is attempting to raise this issue as a stand-alone claim in his K.S.A. 60-1507 action, the claim is procedurally barred because it could have been

10

raised by Adkins in his direct appeal. As we previously noted, a proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. See Supreme Court Rule 183(c)(3).

Assuming we consider this issue as part of Adkins' ineffective assistance of appellate counsel claim, we find that the claim has no merit. Whether Bates' original statements to the police were true or not was a question for the jury to decide. This court previously has noted that "victims of domestic violence often recant their initial statements to police." *State v. Coppage*, 34 Kan. App. 2d 776, 782, 124 P.3d 511 (2005). In this situation, the victim's prior inconsistent statements to the police may be used as substantive evidence to prove the elements of the crime. 34 Kan. App. 2d at 780-81. Adkins' claim that the State knowingly presented perjured testimony to obtain his convictions would not have been a meritorious issue on appeal and his appellate counsel's performance was not deficient in failing to raise this issue.

In sum, the motion, files, and records of the case conclusively establish that Adkins was not entitled to any relief on the claims he asserted in his K.S.A. 60-1507 motion. See *Sola-Morales*, 300 Kan. at 881. Thus, the district court did not err when it summarily denied Adkins' motion without an evidentiary hearing.

Affirmed.